800 F.2d 305
 Fed. Sec. L. Rep. P 92,941
William FRESCHI, Jr., as Trustee of William Freschi Trust,
Plaintiff-Appellee-Cross-Appellant,
v.
GRAND COAL VENTURE, Bandler & Kass, Ground Production
Corporation, William J. Werner, Jack Mitnick,
Robert Sylvor, H. Jean Baker and William
Sherr,
Defendants-
Appellants-
Cross-Appellees.
 Nos. 487, 509, 669, Docket 84-7726, 84-7740 and 84-7764.
 United States Court of Appeals,
Second Circuit.
 On Remand from the Supreme Court July 7, 1986.
Decided Sept. 4, 1986.
 
 Before MANSFIELD, NEWMAN, and PECK,* Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is before us on remand from the Supreme Court. Following our decision, reported at 767 F.2d 1041, the Court granted Freschi's petition for a writ of certiorari, vacated our judgment, and remanded for reconsideration in light of Randall v. Loftsgaarden, --- U.S. ----, 106 S.Ct. 3143, 92 L.Ed.2d 525 (1986), and Sedima, S.P.R.L. v. Imrex Company, --- U.S. ----, 105 S. Ct. 3275, 87 L.Ed.2d 346 (1985). Freschi v. Grand Coal Venture, --- U.S. ----, 106 S.Ct. 3325, 92 L.Ed.2d 731 (1986). Randall held that damages to a defrauded investor in a tax shelter should not be reduced by tax benefits received by the investor. On our original consideration of this appeal, we had ordered the District Court's remittitur reduced by the amount of the tax benefits resulting from the plaintiff's investment. 767 F.2d at 1051. In making this ruling, we had adhered to William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935 (2d Cir.1984), which the Supreme Court rejected in Randall. Sedima reversed a decision of this Court that had required a civil RICO complaint to allege both "racketeering injury" and conviction of the defendants for the RICO predicate acts. See Sedima, S.P.R.L. v. Imrex Co., 741 F.2d 482 (2d Cir.1984). In the instant litigation, the District Court, anticipating our decision in Sedima, had denied plaintiff's motion to amend to add a civil RICO cause of action for failure to plead "racketeering injury." Freschi v. Grand Coal Venture, 583 F.Supp. 780, 787-88 (S.D.N.Y.1984).
 
 
 2
 In light of the Supreme Court's decisions in Randall and Sedima, our prior opinion and disposition must be modified. The remittitur ordered by the District Court shall stand, without reduction by the amount of the tax benefits resulting from the plaintiff's investment. Upon remand, the District Court shall afford the plaintiff an opportunity to present a motion to amend the complaint to add a civil RICO claim, the sufficiency of which, if pursued, shall be assessed in light of the Supreme Court's decision in Sedima. We express no views on whether such a motion, if made, should be granted.
 
 
 3
 The judgment of the District Court is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with our prior opinion, as modified by this opinion.
 
 
 
 *
 The Honorable John W. Peck of the United States Court of Appeals for the Sixth Circuit, sitting by designation